IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATROCINIO AVALOS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | No. 3:12-cv-1865-BN |
| RONALD JESSE BRACKETT D/B/A § | |
| BRACKETT CONSTRUCTION § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Defendant Ronald Jesse Brackett, d/b/a/ Brackett Construction Company, has filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"). *See* Dkt. No. 23. Plaintiff Patrocinio Avalos has filed a Response [Dkt. No. 29], and Defendant filed a Reply [Dkt. No. 36]. For the reasons explained below, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is dismissed.

Defendant has also filed a Motion for Summary Judgment. *See* Dkt. No. 24. Plaintiff has filed a Response [Dkt. No. 31], Defendant has filed a Reply [Dkt. No. 43], and Plaintiff has filed a Sur-Reply [Dkt. No. 54]. Because the Court would ordinarily grant Plaintiff an opportunity to amend his Complaint, the Court also considers the Motion for Summary Judgement at this time. For the reasons explained below, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Complaint is dismissed with prejudice.

-1-

## The Motion to Dismiss

### Background

Plaintiff sued Defendant pursuant to 29 U.S.C. §§ 201-216, alleging both overtime and minimum wage violations of the Fair Labor Standards Act ("FLSA"). The Complaint alleged both enterprise and individual coverage of the FLSA; however, in Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff conceded that individual coverage did not apply. *See* Dkt. No. 31 at 9. Plaintiff has never alleged Department of Labor Site coverage. *See* Dkt. No. 23 at 5. Therefore, the only issue for the Court presented in Defendant's Motion to Dismiss is whether the Complaint sufficiently alleges enterprise coverage.

### Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

To establish a claim for either unpaid overtime or minimum wage compensation under the FLSA, a plaintiff must prove that he was an "employee[] engaged 'in the production of goods for commerce' (individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)) (emphasis in original). For purposes of establishing enterprise coverage, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by an person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1); *see also Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-cv-4268-D, 2014 WL 840052, at *1-*2 (N.D. Tex. Mar. 4, 2012).

The first prong of the enterprise coverage definition can be met in one of two ways: (1) either by the "engaged in commerce" clause or (2) the "handling" clause. The "engaged in commerce" clause can be analyzed essentially in the same manner as individual coverage is analyzed, although the question as to individual coverage is whether the plaintiff himself engaged in interstate commerce, whereas the question in an enterprise coverage analysis is whether any two or more of the business's employees engaged in interstate commerce. *See Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 439 & n.4 (N.D. Tex. 2012). The "handling clause" requires the court to find that an employer had more than one employee "handling, selling, or otherwise working on" goods that have moved in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A)(I); *Mendoza*, 911 F. Supp. 2d at 441.

Enterprise coverage is an element of a claim rather than a jurisdictional prerequisite. *See Lopez-Santiago*, 2014 WL 840052, at *3; *Rodriguez v. Myrmidones, LLC*, No. 8:14-cv-618; 2014 WL 1779296, at *2 (May 5, 2014); Dkt. No. 29 at 3 n.1. Defendant appears to incorrectly consider enterprise coverage to be jurisdictional rather than an element of an FLSA claim. *See* Dkt. No. 23. But, because Defendant has properly moved to dismiss pursuant to Rule 12(b)(6) and has not asked the Court to

consider documents beyond the pleadings, there is no reason to deny Defendant's Motion to Dismiss as procedurally improper. *See, e.g., id.* at *3 n.4.

## Analysis

Defendant argues in his Motion to Dismiss that the Complaint lacks "well pled facts of the type of work performed by Plaintiff or Defendant to support any claim that Plaintiff's or Defendant's work affected interstate commerce." Dkt. No. 23 at 1.

Plaintiff's allegations related to FLSA coverage are as follows:

- "Plaintiff worked for the Defendant as a carpenter..." [Dkt. No. 1, ¶ 8];

- "Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant." [*id.* at ¶ 9];

- "Furthermore, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act." [*id.* at ¶ 12].

Plaintiff's allegations concerning enterprise coverage are nothing more than a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, although the Court notes that the allegations do not correctly state the elements, *see*

29 U.S.C. § 203(s)(1). District Courts within the Fifth Circuit have routinely dismissed complaints in the face of similar conclusory allegations related to enterprise coverage. *See Payne v. Universal Recovery, Inc.*, 3:11-cv-1672-D, 2011 WL 7415414 (N.D. Tex. Dec. 7, 2011), *rec. adopted*, 2012 WL 592483 (N.D. Tex. Feb. 17, 2012); *Morrow v. J W Elec., Inc.*, No. 3:11-cv-1988-D, 2011 WL 5599051 (N.D. Tex. Nov. 16, 2011); *Wilson v. K & K Best Care Ambulance Servs.*, No. 4:13-cv-2509, 2014 WL 1761227 (S.D. Tex. Apr. 28, 2014); *Baker v. ABC Provider DFW, LLC*, 4:13-cv-288, 2014 WL 1267302 (E.D. Tex. Mar. 26, 2014); *Coleman v. John Moore Servs., Inc.*, No. H-13-2090 (S.D. Tex. Jan. 7, 2014); *Orozco v. Plackis*, 11-cv-703, 2012 WL 681462 (W.D. Tex. Feb. 29, 2012).

So, too, Plaintiff's complaint is subject to dismissal here.

## The Motion for Summary Judgment

### Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party,

then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If the non-moving party has the burden of persuasion at trial with respect to an issue addressed in the motion for summary judgment, the moving party may satisfy its initial burden by either (1) demonstrating affirmatively that there is no triable issue of fact as to each element of the non-moving party's affirmative defenses or claims or (2) showing that the non-moving party cannot present evidence sufficient to satisfy the essential elements of its defenses or claims and thus cannot meet its burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-326 (1986). If the moving party makes a showing that there is no evidence to support the non-moving party's claims or defenses, the non-moving party must come forward with evidence beyond the pleadings showing a genuine dispute of material fact with respect to each

essential element of its affirmative defenses or claims. *See id.* No issue warrants trial unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *See Anderson*, 477 U.S. at 249-252. Under this standard, the non-movant cannot rely on unsupported assertions or arguments but must submit sufficiently probative evidence supporting its claims or defenses. Even if the burden shifts to the non-moving party, the movant still retains the ultimate burden of persuasion on the motion for summary judgment. *See Celotex Corp.*, 477 U.S. at 330-331.

**Analysis**

Defendant moves for summary judgment on a number of grounds; however, because this motion can be resolved on the same issue on which the Motion to Dismiss is based – enterprise coverage – the Court will focus solely on this issue.

In the Motion to Dismiss, Defendant successfully argued that Plaintiff failed to adequately allege enterprise coverage. Plaintiff initially alleged both enterprise and individual coverage under the FLSA. *See* Dkt. No. 1, ¶¶ 9, 12. In the Motion for Summary Judgment, Defendant asserts that no evidence exists in the record for Plaintiff to demonstrate either enterprise or individual coverage. *See* Dkt. No. 24 at 5-10. In his Response, Plaintiff concedes the issue of individual coverage but argues that FLSA coverage applies under enterprise liability. *See* Dkt. No. 31 at 7-9.

But Plaintiff offers argument and evidence pertaining only to the second prong of enterprise coverage – that Defendant owns an enterprise whose annual gross volume of sales made or business done is not less than $500,000. *See id.* Plaintiff is silent as

to the first prong of enterprise coverage, although both prongs must be satisfied for enterprise coverage to apply. *See* 29 U.S.C. § 203(s)(1).

Plaintiff bears the burden of proving at trial that he is entitled to protection under the FLSA. *See Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (*per curiam*). Defendant, as the movant, can meet his initial burden by pointing to the absence of evidence that such protection exists. *See Duran v. Wong*, No. 4:11-cv-3323, 2012 WL 5351220, at *2 (S.D. Tex. Oct. 23, 2012).

Defendant correctly points out in his Reply that "Plaintiff cannot prove that Defendant had two or more employees or that those two ore more employees were regularly or recurrently engaged in interstate commerce." Dkt. No. 43 at 8. Although Plaintiff was permitted to file a Sur-Reply, Plaintiff is again silent as to the first prong required for enterprise coverage. Plaintiff has failed to point to a single piece of evidence that would show that Defendant engaged in commerce or in the production of goods for commerce or that Defendant "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by an person." 29 U.S.C. § 203(s)(1)(A)(i).

The Court granted Plaintiff's motion for an extension of time to conduct discovery and respond to Defendant's Reply, and discovery is now closed. *See* Dkt. Nos. 49 & 51. Because Plaintiff has not sustained his burden of showing that the FLSA applies to Defendant, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Complaint is dismissed with prejudice. *See Mendoza*, 911 F. Supp. 2d at 441-42 (granting defendant's motion for summary judgment in an FLSA case where

plaintiff failed to offer admissible evidence as to the first prong of enterprise coverage); *Romero v. Funes*, No. H-11-3373; 2013 WL 655250, at *3 (S.D. Tex. Feb. 21, 2013) (same).

## Conclusion

Defendant's Motion to Dismiss [Dkt. No. 23] and Motion for Summary Judgment [Dkt. No. 24] are GRANTED, and Plaintiff's Complaint [Dkt. No. 1] is dismissed with prejudice.

SO ORDERED.

DATED: May 14, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE