IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATROCINIO AVALOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:12-cv-1865-BN |
| RONALD JESSE BRACKETT D/B/A | § | |
| BRACKETT CONSTRUCTION | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On May 14, 2014, the Court granted the Motion to Dismiss [Dkt. No. 23] and

Motion for Summary Judgment [Dkt. No. 24] filed by Defendant Ronald Jesse Brackett

d/b/a Brackett Construction Company ("Defendant") and dismissed the complaint of

Plaintiff Patrocinio Avalos ("Plaintiff"). *See* Dkt. No. 58.

The Court subsequently granted in part Plaintiff's Motion for Reconsideration

[Dkt. No. 61], permitting Plaintiff to file a second sur-reply on the issue of whether

there is a genuine dispute of material fact on the issue of enterprise liability coverage

under the Fair Labor Standards Act ("FLSA") – that is, whether there is a genuine

dispute of material fact as to whether Defendant engaged in commerce or in the

production of goods for commerce or Defendant has two or more employees handling,

selling, or otherwise working on goods or materials that have been moved in or

produced for commerce by a person. *See* Dkt. No. 66.

Plaintiff has filed his second sur-reply, *see* Dkt. No. 67, and Defendant has filed his response, *see* Dkt. No. 69.

The Court once again concludes that Plaintiff has failed to raise a genuine dispute of material fact as to enterprise liability under the FLSA; declines to vacate the order granting summary judgment [Dkt. No. 58] and judgment dismissing this lawsuit [Dkt. No. 59]; and denies Plaintiff's request to amend his complaint.

## Background

Plaintiff sued Defendant under 29 U.S.C. §§ 201-216, alleging both overtime and minimum wage violations of the FLSA. The Complaint alleged both enterprise and individual coverage of the FLSA, but, in Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff conceded that individual coverage did not apply. *See* Dkt. No. 31 at 9. Plaintiff has never alleged Department of Labor Site coverage. *See id.* Therefore, the only issue presented in Defendant's Motion to Dismiss and Motion for Summary Judgment was whether the Complaint sufficiently alleges enterprise coverage, and the Court concludes that the summary judgment evidence presents genuine disputes of material fact.

In his complaint and summary judgment responses, Plaintiff testifies that he "was employed by [Defendant] continuously for over three years from 2009 to 2012." Dkt. No. 68 at App. 24. That is, Plaintiff avers that

> 1. I first began working for Ronald Jesse Brackett d/b/a Bracket[t] Construction Company ("Brackett") in 2002. I worked continuously for Brackett for over three years from April of 2009 to May 12, 2012. I was economically dependent on Brackett for my livelihood during that period of time.

> 2. During my employment with Brackett, Brackett provided the tools and materials that I used for work, and he drove me to the work site for every new job.

Dkt. No. 32-2 at App. 44. Plaintiff further testifies that he regularly worked for Defendant with four other persons and that they routinely handled products such as "Sakrete" concrete mix, "Kleen Strip" muriatic acid, "ClimaPlus" acoustical material, powdered insulation, "Quikrete" and "Wonderboard" cement backer board. *See* Dkt. No. 68 at App. 24-25.

## Legal Standards

To establish a claim for either unpaid overtime or minimum wage compensation under the FLSA, a plaintiff must prove that he was an "employee[] engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)) (emphasis in original). For purposes of establishing enterprise coverage, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1); *see also Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-cv-4268-

D, 2014 WL 840052, at *1-*2 (N.D. Tex. Mar. 4, 2012).

The first prong of the enterprise coverage definition can be met in one of two ways: (1) either by the "engaged in commerce" clause or (2) the "handling" clause. The "engaged in commerce" clause can be analyzed essentially in the same manner as individual coverage is analyzed, although the question as to individual coverage is whether the plaintiff himself engaged in interstate commerce, whereas the question in an enterprise coverage analysis is whether any two or more of the business's employees engaged in interstate commerce. *See Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 439 & n.4 (N.D. Tex. 2012). The "handling clause" requires the court to find that an employer had more than one employee "handling, selling, or otherwise working on" goods that have moved in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A)(i); *Mendoza*, 911 F. Supp. 2d at 441. Enterprise coverage is an element of a claim rather than a jurisdictional prerequisite. *See Lopez-Santiago*, 2014 WL 840052, at *3; *Rodriguez v. Myrmidones LLC*, No. 8:14-cv-618; 2014 WL 1779296, at *2 (May 5, 2014).

## Analysis

The Court previously granted Defendant's Motion to Dismiss and Motion for Summary Judgment on the grounds that Plaintiff's allegations of enterprise coverage are nothing more than a "formulaic recitation of the elements of a cause of action." Dkt. No. 58 at 5 (quoting *Twombly*, 550 U.S. at 555). And the Court found that no evidence exists in the record for Plaintiff to demonstrate either enterprise or individual coverage. *See id.* at 9-10. That is, "Plaintiff has failed to point to a single piece of

evidence that would show that Defendant engaged in commerce or in the production of goods for commerce or that Defendant 'has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.'" *Id.* at 10 (quoting 29 U.S.C. § 203(s)(1)(A)(i)).

Now, in his second sur-reply, Plaintiff has submitted affidavit testimony and photographs that he asserts establish the "handling clause" of enterprise coverage for his FLSA claim. Defendant urges that Plaintiff has still failed to create a triable issue of fact as to whether the FLSA applies because (1) the summary judgment evidence does not establish that Plaintiff was employed by Defendant; (2) the photographs do not provide competent summary judgment evidence that the products used by Plaintiff traveled in interstate commerce; and (3) there is no evidence that Plaintiff worked with any other individuals who could be classified as employees. *See* Dkt. No. 69.

Plaintiff bears the burden of proving at trial that he is entitled to protection under the FLSA. *See Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007). Defendant, as the movant, can meet his initial burden by pointing to the absence of evidence that such protection exists. *See Duran v. Wong*, No. 4:11-cv-3323, 2012 WL 5351220, at *2 (S.D. Tex. Oct. 23, 2012).

Whether or not Plaintiff has established the required employee status component of the coverage element of his claim, he must also establish that Defendant has gross revenue that exceeds $500,000 annually and had more than one employee "handling, selling, or otherwise working on" goods that have moved in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A)(i); *Mendoza*, 911 F. Supp. 2d at 441. In the

affidavit attached to his second sur-reply, Plaintiff contends that he worked with four

other individuals and that they regularly used at least five products that he

photographed and asserts to have traveled in interstate commerce. *See* Dkt. No. 68 at

App. 24-25. The summary judgment evidence also includes tax returns of Defendant

that show a gross revenue of $508,700 in 2009. *See* Dkt. No. 32-2 at App. 35.

As to the "handling clause" of enterprise coverage element of Plaintiff's FLSA

claim, Plaintiff testifies only that:

> 1. I was employed by Ronald Jesse Brackett d/b/a Brackett Construction Company ("Brackett") continuously for over three years from 2009 to 2012.
> 2. During my employment with Brackett, Brackett also employed four other persons with whom I regularly worked: Lupe Lozoya, Noe whose last name I do know, John whose last name I do know, and Roberto whose last name I do know.
> 3. Lupe Lozoya was a painter. John, Noe, Roberto and I regularly and routinely used the following products in our work for Brackett: "Sakrete" concrete mix, "Kleen Strip" muriatic acid, "ClimaPlus" acoustical material, powdered insulation, "Quikrete" and "Wonderboard" cement backer board.
> 4. Copies of photographs taken by me of the "Sakrete" concrete mix, "Kleen Strip" muriatic acid, "ClimaPlus" acoustical material, powdered insulation, and "Quikrete" products of the same type that we used when I worked for Brackett, and their containers are attached as Exhibits 1 through 5. A copy of the label from the "Wonderboard" cement backer board product of the same type that we used when I worked for Brackett is attached as Exhibit 6.
> 5. The labels in the Exhibits reflect that: "Sakrete" concrete mix is manufactured by Bonsal American of Charlotte, North Carolina, "Kleen Strip" muriatic acid is manufactured by M. Barr & Co., Inc. of Memphis, Tennessee, "ClimaPlus" acoustical material is manufactured by USG Interiors of Chicago, Illinois, the powdered insulation manufactured by United States Gypsum Company of Chicago, Illinois, "Quikrete" is manufactured by Quikrete International of Atlanta, Georgia, and "Wonderboard" cement backer board is manufactured by Custom Building Products of Seal Beach, California.

Dkt. No. 68 at App. 24-25. Plaintiff's affidavit – even if every fact in it were admissible or could be made admissible pursuant to Federal Rule of Civil Procedure 56(c)(2) and 56(c)(4) – does not establish that Plaintiff had personal knowledge of what the labels said on the products that Defendant's employees actually handled and used. And, even if it did, and even if the labels on the products that Plaintiff and others actually handled while working for Defendant were the same as the ones on the packages in the photographs that Plaintiff took and attached to his affdaivt, the affidavit does not establish that the products were actually manufactured in another state. As Defendant argues, Plaintiff's affidavit does not demonstrate that Plaintiff is competent to testify that the products in the photographs were actually manufactured in any location other than Texas and, therefore, moved in interstate commerce – much less that the products that Defendant's employees actually handled were manufactured in any location other than Texas. Plaintiff's affidavit does not actually assert that they were. Rather, Plaintiff simply testifies to the address of the company shown on the label of the product in each photograph – and that does not establish that the products that he or others handled while working for Defendant were manufactured where the company's corporate office is located rather than at some different location.

Plaintiff, as the non-moving party, must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, as here, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the

-7-

non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted). Ultimately, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Measured against these standards, and viewing all facts and draw all reasonable inferences in the light most favorable to Plaintiff and resolving all disputed factual controversies in Plaintiff's favor, the facts to which Plaintiff testifies in his affidavit do not amount to facts that could support a finding at trial that Defendant had more than one employee handling goods that have moved in interstate commerce. The summary judgment evidence is therefore insufficient to raise a genuine dispute of material fact as to enterprise coverage under the FLSA.

The Court again concludes that Plaintiff has not submitted summary judgment evidence that, if believed by a finder of fact, may support his causes of action under the

FLSA.

Because Plaintiff's summary judgment evidence is not sufficient to raise genuine dispute of material fact, the Court determines that amendment of Plaintiff's complaint would be futile.

## Conclusion

The Court concludes that Plaintiff has failed to raise a genuine dispute of material fact as to enterprise liability under the FLSA; declines to vacate the order granting summary judgment [Dkt. No. 58] and judgment dismissing this lawsuit [Dkt. No. 59]; and denies Plaintiff's request to amend his complaint.

SO ORDERED.

DATED: September 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE